**In re Cynthia Marie YOUNG, Debtor.**

**Cynthia M. Bennett, Plaintiff,**

**v.**

**American Student Assistance, Delta Management Associates, Inc., Educational Credit Management Corp., Defendants.**

**Bankruptcy No. 96–10640–MAM–7.
Adversary No. 00–1235.**

United States Bankruptcy Court,
S.D. Alabama.

March 26, 2001.

Bankr.P. 9024 ("a prior judgment upon which it is based has been reversed or otherwise vacated").

ORDER AWARDING A DEFAULT JUDGMENT AGAINST DELTA MANAGEMENT ASSOCIATES, INC., DISMISSING THE CLAIMS AGAINST AMERICAN STUDENT ASSISTANCE, AND SETTING FOR TRIAL THE ISSUES AS TO EDUCATIONAL CREDIT MANAGEMENT CORP.

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the Complaint of Cynthia M. Bennett[1] for violation of the discharge injunction and for violation of the Fair Debt Collection Practices Act. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is awarding Cynthia Marie Bennett a judgment in the amount of $1,000 against Delta Management Associates, Inc. and dismissing the suit against American Student Assistance. The Court is setting the case against Educational Credit Management Corporation ("ECMC") for trial.

## FACTS

Ms. Bennett obtained a guaranteed student loan from American Student Assistance.[2] Bennett obtained the loan for the purpose of attending "American College" in Prichard, Alabama. However, Bennett was only able to attend the school for five months before it closed due to fraud. Bennett testified the money from the loan

Franklin V. Anderson, Mobile, AL, for Plaintiff.

W. McCollum Halcomb, Birmingham, AL, for ECMC.

1. Cynthia M. Bennett is the named plaintiff in this case. She was previously known as Cynthia Marie Young.

2. Since Delta management is the collection agent and ECMC is the assignee, the Court assumes American Student Assistance was the original lender to Ms. Bennett.

was supposed to be paid in two disbursements, one to American College and one to her. Bennett testified she did not receive any money herself for the loan and she did not receive any documentation concerning a disbursement to American College. Bennett later attended another school and had to repeat the courses she had begun at American College. Bennett has not paid the loan.

Ms. Bennett filed for relief pursuant to chapter 7 of the Bankruptcy Code on February 26, 1996. Bennett listed the loan in schedule F of her petition as an unsecured nonpriority claim and alleged that it was over seven years old. Bennett did not file an adversary proceeding to determine the dischargeability of the debt. On June 6, 1996 the Court entered an order discharging the debtor.

In August 2000, Delta Management Associates, Inc. ("Delta") demanded payment from Ms. Bennett in the amount of $6,045.73 for her student loan debt. The demand notice stated that she must act by September 5, 2000 or her wages would be garnished. The notice also stated that Ms. Bennett would have the opportunity to inspect and/or request copies of records relating to her debt and that basic information about her debt would be provided free of charge "along with our response to your hearing request." By letter dated August 24, 2000, Bennett's counsel notified Delta of Ms. Bennett's discharge and that the loan debt "was over the required age for discharge" at the time the case was filed. Bennett and her counsel received no response from Delta. In September 2000, Delta entered an administrative garnishment against Bennett's wages without ob-

taining permission from this Court. On October 25, 2000, Ms. Bennett filed this adversary proceeding. The complaint was served on Delta and American Assistance by certified mail return receipt requested on November 2, 2000. The return receipt from Delta was postmarked November 9, 2000, and the return receipt from American Student Assistance was hand dated November 7, 2000. Delta assigned the debt to ECMC on November 9, 2000 and ECMC answered the complaint on November 27, 2000. ECMC's appearance in this matter is limited to defense of the claim that the debt was discharged. ECMC stated it assumes no liability for any action or inaction by Delta for violations of the Fair Debt Collection Practices Act. Delta and American Student Assistance have failed to appear or answer the complaint or provide Ms. Bennett or this Court with any documentation of the debt. Counsel for Ms. Bennett, Franklin V. Anderson, expended a total of seven hours representing Ms. Bennett in this matter.[3] Mr. Anderson's customary hourly rate is $150.

## LAW

Ms. Bennett's complaint sought damages for violation of the discharge injunction and violation of the Fair Debt Collection Practices Act. At trial, the Debtor dismissed the discharge violation claim against American Student Assistance and Delta and proceeded only on the Fair Debt Collection Practices Act claim against Delta.[4]

Section 809(a) of The Fair Debt Collection Practices Act requires a creditor, within five days after the initial communi-

---

3. One hour was subtracted to account for the fact that the two hour hearing on this matter involved defendants American Student Assistance and Educational Management Corp. as well as Delta.

4. The dismissal of the discharge violation came after the Court ruled as to ECMC that there was no discharge violation since no suit to determine dischargeability of the debt had yet been filed.

cation with a consumer, to send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within thirty days "that the debt, or any portion thereof, is disputed," the debt collector will obtain verification of the debt and mail copies to the consumer. Section 809(b) further mandates that upon notice of a dispute, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt ... and a copy of such verification ... is mailed to the consumer by the debt collector." Delta demanded payment of the debt and Ms. Bennett responded in writing that she disputed the debt. Delta did not provide any verification of the debt to Ms. Bennett and continued its efforts to collect the debt. Delta has clearly violated the Fair Debt Collection Practices Act.

Section 813 of the Fair Debt Collection Practices Act provides civil liability for actual damages sustained as a result of a violation of the act. Section 813 limits the amount of liability to $1,000 for an individual. Ms. Bennett's attorney's fees incurred for this matter total $ 1,050. Therefore her actual damages are in excess of the limit and the full $1,000 limit should be awarded.

THEREFORE, IT IS ORDERED AND ADJUDGED:

1. Cynthia M. Bennett is awarded a default judgment against Delta Management Associates, Inc. in the amount of $1,000.

2. The complaint against American Student Assistance is dismissed with each party to bear its own costs.

3. The trial of the complaint against Educational Credit Management Corporation is set for May 22, 2001 at 10:00 a.m.